GEORGE H. MORROW *vs.* JOHN A. GLEDHILL.

DECEMBER 8, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

*(1) Brokers. Commissions. Defective Title.*

In the absence of any stipulation in the contract making the payment of a commission to a broker dependent upon the title of his principal and in

the absence of any knowledge of a defect in title by the broker, a broker who has procured a purchaser, willing, able and ready to take property upon the terms offered by his principal is entitled to recover the amount of his commission notwithstanding the fact that the sale was not consummated owing to defective title.

ASSUMPSIT.    Heard on exception of defendant and overruled.

VINCENT, J.    This is an action in assumpsit brought by the plaintiff, a real estate broker, to recover a commission which he alleges is due to him from the defendant.

The suit was commenced in the District Court of the Sixth Judicial District where a decision was rendered for the plaintiff in the sum of $147 and costs.    The defendant claimed a jury trial and the case was tried in the Superior Court before a justice thereof sitting with a jury and a verdict was there directed for the plaintiff for $147.    The defendant's motion for a new trial was denied.    The case is now before us upon the defendant's exceptions to the ruling of the trial court directing a verdict for the plaintiff and in denying his motion for a new trial.

It appears from the testimony that the parties entered into an agreement regarding the sale of a certain house and lot belonging to the defendant.    By the terms of this agreement the plaintiff was to find a purchaser and for so doing was to receive a commission of three per cent. on the purchase price.    The price placed upon the property by the defendant, in the first instance, was $5,000, but later upon being advised by the plaintiff that he had found a customer who would take it at $4,950 the defendant agreed to accept that sum and the deal was closed accordingly.

Subsequently the parties met for the purpose of executing the deed and paying the purchase price in completion of the transaction.    It then appeared that a prior owner of the fee had mortgaged the property; that the mortgage had been transferred to one under guardianship; and that the guardian, after the decease of his ward, had received the amount of and had discharged the mortgage.    The parties,

being somewhat in doubt as to the authority of the guardian to thus act, separated without consummating the sale and no further steps were taken either with a view to ascertaining whether or not the action of the guardian had clouded the title or to remove the cloud in case one existed.

Without passing upon the sufficiency of the defendant's title but assuming for the sake of the argument that it was defective, we come to the question, does a broker who has procured a purchaser, willing, able and ready to take the property upon the terms offered by the principal lose his commission through a defect in the principal's title? In the case at bar there is no evidence of any stipulation in the contract making the payment of a commission to the plaintiff dependent upon the title of the defendant nor is there any evidence that the plaintiff knew of any alleged defect in the defendant's title prior to the meeting of the parties for the purpose of closing the transaction. In the absence of any stipulation and any knowledge of a defect in title on his part, we think the plaintiff is entitled to recover the amount of the commission agreed upon and his right to do so is supported by the great current of authority. 4 R. C. L. 312 and cases cited. We think that a verdict for the plaintiff was properly directed.

The defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff upon the verdict as directed.

*Robinson & Robinson. Maurice Robinson*, for plaintiff.
*Charles J. O'Connor*, for defendant.